**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**CARLOS TAYLOR, JR.,**
    Petitioner,

v.                                              Case No.  5:08cv208/SPM/MD

**WALTER A. MCNEIL,**
    Respondent.

_____

**REPORT AND RECOMMENDATION**

Before the court is a second amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  (Doc. 10).  Respondent filed a response, submitting relevant portions of the state court record.  (Docs. 17, 20).  Petitioner has replied. (Doc. 24).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of all issues raised by petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that petitioner is not entitled to relief, and that the petition is without merit and should be denied.

## BACKGROUND AND PROCEDURAL HISTORY

On April 9, 2007, petitioner was charged with Sale of Cocaine Within 1000 Feet of a Place for Worship, in violation of Fla. Stat. § 893.13(1)(e)1. (Doc. 20, Ex. B).[1] On September 6, 2007 petitioner, represented by counsel, executed a Plea, Waiver and Consent form in which he pleaded no contest to the charge and agreed to a sentence of 34.2 months in prison followed by five years probation. (Ex. C). The Plea, Waiver and Consent form identified petitioner's offense as a first degree felony subject to a statutory maximum of 30 years imprisonment. (*Id.*). The trial court accepted petitioner's plea. (*Id.*). A Criminal Punishment Code Scoresheet was calculated wherein petitioner received a total of 73.6 points (56 points for his offense of conviction and 19 points for his prior record (17.6 + 1.4 points)), resulting in a lowest permissible prison sentence of 34.2 months. (Ex. D). On October 12, 2007, the trial court sentenced petitioner in accordance with the plea agreement to 34.2 months in prison followed by five years probation. (Exs. C, E). Petitioner did not file a motion to withdraw his plea , nor did he directly appeal from his conviction and sentence. (Ex. F; Doc. 10, p. 2). He did not file any applications for post-conviction relief or other collateral review. (Ex. F; Doc. 10, pp. 4-5). Instead, he initiated the instant federal habeas proceeding on or about June 30, 2008. (Doc. 1, p. 1). His second amended petition was filed on August 15, 2008. (Doc. 10). Petitioner concedes in his petition that he did not present any of his claims to the state court by direct appeal, 3.850 motion, or otherwise. (Doc. 10, pp. 4-5).

Respondent concedes the petition is timely, but asserts petitioner is not entitled to federal habeas relief because none of his claims are cognizable on federal habeas review, and even if they were, they are procedurally defaulted and without

---

[1]Hereafter, all references to exhibits will be to those attached to Doc. 20, unless otherwise noted. References to page numbers are to the page of the identified document as it appears on the court's Case Management/Electronic Computer Filing ("CM/ECF") system.

merit. (Doc. 17). Petitioner's reply does not address respondent's defenses, except to further argue the merits of his claims. (Doc. 24).

## LEGAL STANDARDS

<u>Claims Cognizable on Federal Habeas Review</u>

Section 2254(a) of Title 28 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States. Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented. *See Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 479-80, 116 L.Ed.2d 385 (1991) (errors that do not infringe upon a defendant's constitutional rights provide no basis for federal habeas corpus relief). A state's interpretation of its own rules or statutes does not raise a federal constitutional issue unless it rises to the level of denial of fundamental due process. *Wainwright v. Goode,* 464 U.S. 78, 104 S.Ct. 378, 78 L.Ed.2d 187 (1983); *see also Barclay v. Florida*, 463 U.S. 939, 958-659, 103 S.Ct. 3418, 3429, 77 L.Ed.2d 1134 (1983) ("Mere errors of state law are not the concern of this court . . . unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution.") (citations omitted); *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 2976, 73 L.Ed.2d 1361 (1981); *McCullough v. Singletary*, 967 F.2d 530, 535 (11th Cir. 1992) ("A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved."). In *Branan v. Booth,* 861 F.2d 1507 (11th Cir. 1988), for example, the Eleventh Circuit reaffirmed that "in the area of state sentencing guidelines in particular, we consistently have held that federal courts cannot review a state's alleged failure to adhere to its own

sentencing procedures." *Id.* at 1508 (citing *Jones v. Estelle*, 622 F.2d 124, 126 (5th Cir. 1980)).

**Exhaustion and Procedural Default**

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),[2] thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). To satisfy the exhaustion requirement, the petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999).

An issue that was not presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, *i.e.*, procedurally barred from federal review. *O'Sullivan*, 526 U.S. at 839-40, 848, 119 S.Ct. at 1734; *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999). To overcome a procedural default, the petitioner must show cause and prejudice or a fundamental miscarriage of justice in order for the federal habeas court to reach the merits of a

---

[2]**Section 2254 provides, in pertinent part:**

**(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–**

  **(A)  the applicant has exhausted the remedies available in the courts of the State; or**

    **(B) (i)  there is an absence of available State corrective process; or**

      **(ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.**
. . . .
**(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.**

claim.  *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993); *Parker v. Dugger*, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L.Ed.2d 812 (1991).  "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim."  *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)).  Lack of counsel or ignorance of available procedures is not enough to establish cause.  *Tower v. Phillips, supra.*  To satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 85, 130 L.Ed.2d 808 (1995).  "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him."  *Schlup*, 513 U.S. at 327.  Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.  To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.

*Id.*


## PETITIONER'S GROUNDS FOR RELIEF

**Ground 1**  "I was sentence [sic] for a 1st degree felony and the case is a 2nd degree."  (Doc. 10, p. 4).

In Ground 1 petitioner claims that the offense of which he was convicted, Sale of Cocaine Within 1000 Feet of a Place for Worship, constitutes a second degree felony under Fla. Stat. § 893.13, and that the trial court erroneously categorized it as a first degree felony in determining his sentence.  (Doc. 10, p. 4).  This claim is not cognizable on federal habeas review, because the question of whether petitioner's offense of conviction is a first degree felony or a second degree felony involves purely a question of state law.  *See Estelle v. McGuire,* 502 U.S. at 67-68, 112 S.Ct.

at 480 (stating that "it is not the province of a federal habeas court to reexamine state-court determinations" on questions of state law, but such courts may only determine "whether a conviction violated the Constitution, laws, or treaties of the Untied States").

Even if Ground 1 raised an issue of constitutional dimension, the claim is procedurally defaulted. Petitioner concedes he did not present this claim to the state courts in any manner. He has made none of the requisite showings to excuse his default. Although he asserts that no state court process was available to him because he pleaded no contest and was not allowed to directly appeal his conviction and sentence, Florida law provides otherwise. Florida Rule of Criminal Procedure 3.170 provides that a defendant who pleads guilty or nolo contendere without expressly reserving the right to appeal may file a motion to withdraw the plea within thirty days after rendition of the sentence, upon one or more of the grounds specified in Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii)(a)-(e). *See* Fla. R. App. P. 3.170(l). Florida Rule of Appellate Procedure 9.140 provides that a defendant may directly appeal from a guilty or nolo contendere plea on the following grounds: a violation of the plea agreement, if preserved by a motion to withdraw plea; an involuntary plea, if preserved by a motion to withdraw plea; a sentencing error, if preserved; or "as otherwise provided by law." Fla. R. App. P. 9.140(2)(A)(ii)(b)-(e). The petitioner here availed himself of neither of these remedies.

Respondent has not addressed whether petitioner could return to state court to present his claim in a motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. Rule 3.850 provides that a person who has entered a plea of guilty or nolo contendere may seek post-conviction relief on a number of grounds, including the following: (1) that the judgment was entered or sentence was imposed in violation of the Constitution or laws of the United States or the State of Florida; (2) that the sentence exceeded the maximum authorized by law; (3) that the plea was involuntary; (4) the judgment or sentence is otherwise subject to collateral attack. Fla. R. Crim. P. 3.850 (a). But even if petitioner could return to state court to present

his claim in a Rule 3.850 motion, that would render the instant claim unexhausted (as opposed to procedurally defaulted), and therefore subject to review under 28 U.S.C. § 2254(b)(2). Section 2254(b)(2) provides: "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." As the following discussion demonstrates, petitioner's claim is without merit.

>Section 893.13(1)(e), Florida Statutes, provides, in relevant part:
>
>(e) Except as authorized by this chapter, it is unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance not authorized by law in, on, or within 1,000 feet of a physical place for worship at which a church or religious organization regularly conducts religious services or within 1,000 feet of a convenience business as defined in s. 812.171. Any person who violates this paragraph with respect to:
>
>1. A controlled substance named or described in s. 893.03(1)(a), (1)(b), (1)(d), (2)(a), (2)(b), or (2)(c)4., commits a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. . . .

Fla. Stat. § 893.13(1)(e) (2007). Cocaine is listed in Section 893.03(2)(a), Florida Statutes. Fla. Stat. § 893.03(2)(a)(4) (2007). Therefore, petitioner's offense is a first degree felony punishable by up to 30 years in prison. Fla. Stat. § 775.082(3)(b) (2007). Petitioner was sentenced to only 34.2 months in prison followed by five years of probation. (Ex. E). Petitioner knew he was being convicted of a first degree felony, because the Plea, Waiver and Consent form expressly lists the degree of his offense as a first degree felony subject to a statutory maximum sentence of 30 years in prison. (Ex. C, p. 1). When petitioner executed this form, he swore or affirmed under oath that he had been advised of those facts. Petitioner is not entitled to federal habeas relief on the claim, and the writ should not issue.

**Ground 2.** "The state illegaly [sic] used my prior record to convict me non-drug-related offenses." (Doc. 10, p. 4).

In this ground for relief petitioner asserts the state illegally assessed 17.6 points on his Criminal Punishment Code Scoresheet by including his prior convictions for non-drug-related felonies. Petitioner alleges no due process violation or facts indicating such a violation. Rather, the claim presents a pure state

law sentencing issue for which federal habeas corpus relief does not lie.  See *Branan v. Booth, supra*.

Even if Ground 2 raised an issue of constitutional dimension, petitioner concedes he did not present this claim to the state court.  Accordingly, the claim is either procedurally defaulted and therefore not entitled to federal habeas review, or unexhausted.  Even if unexhausted, relief on this claim is due to be denied under 28 U.S.C. § 2254(b)(2).  As respondent correctly argues,  there was no sentencing error.  Section 921.0021(5), Florida Statutes, governs the Criminal Punishment Code and allows the assessment of points for non-drug-related offenses.  Petitioner's prior convictions were properly included in the scoresheet, and correctly scored. (Ex. D).

<u>Ground 3.</u>     "The state violated Florida Statues [sic] sections 3.992(a),[3] 893.13,[4] and 778.012 [sic].[5]"  (Doc. 10, p. 5) (footnotes added).

In this ground for relief petitioner challenges his sentence on the grounds that it violates state law.  To the extent petitioner is claiming he was incorrectly sentenced for a first degree felony instead of a second degree felony, that claim is without merit as discussed in Ground 1, *supra*.  To the extent petitioner is claiming an error in the computation of his sentence, this claim presents a state law sentencing issue which provides no basis for federal habeas corpus relief, and in any event is without merit.  See  Ground 2, *supra*.

<u>Ground 4.</u>     "I cannot file a state court appeal.  I pleaed [sic] guilty to the charges." (Doc. 10, p. 5).

In his final ground for relief petitioner asserts, "when you pleaed [sic] guilty in the State of Florida to the charges before you [sic] in court, you automaticily [sic] waive your right to appeal.  I had to pleaed [sic] out the state wanted 30 year [sic]." (Doc. 10, p. 5). This claim appears to be more of an explanation of petitioner's failure to present his claims to the state court, as opposed to an independent basis for challenging his conviction and sentence.  Even if construed as the latter, petitioner

---

[3] Florida Rule of Criminal Procedure 3.992 is the Criminal Punishment Code Scoresheet form.

[4] Fla. Stat. § 893.13 is the statute under which petitioner was convicted.

[5] There is no chapter 778 in the Florida Statutes.

Case No: 5:08cv208/SPM/MD

misunderstands Florida law when he states he had no right to appeal.  As discussed in Ground 1, *supra*, petitioner could have moved to withdraw his plea and directly appealed from his judgment of conviction and sentence.  *See* Fla. R. Crim. P. 3.170(l); Fla. R. App. P. 9.140(b)(2)(A)(ii).

## CONCLUSION

None of the claims raised in the instant second amended petition warrant federal habeas relief.

Accordingly, it is respectfully RECOMMENDED:

That the second amended petition for writ of habeas corpus (doc. 10) challenging the conviction and sentence imposed in *State of Florida v. Carl* [*Carlos*] *Taylor, Jr.*, in the Circuit Court of Bay County, Florida, case number 07-1082, be DENIED, and the clerk be directed to close the file.

At Pensacola, Florida this 11th day of March, 2009.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).